# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF GEORGIA
### STATESBORO DIVISION

LARRY HUDSON,

        Plaintiff,

        v.                          CIVIL ACTION NO.: CV602-137

Correctional Officer J. SINGLETON,
and Correctional Officer S. GIBSON,

        Defendants.

## O R D E R

Plaintiff Larry Hudson ("Hudson") filed a lawsuit in this Court pursuant to 42 U.S.C. § 1983 in which he alleged that Defendants J. Singleton ("Singleton") and S. Gibson ("Gibson"), former correctional officers at Georgia State Prison, violated his constitutional rights. The relevant facts adduced at trial were that Singleton asked Gibson, who was working in the prison's control booth, to open Plaintiff's cell door after Plaintiff made derogatory comments to Singleton. Gibson complied with this request, and Singleton assaulted Plaintiff. Gibson would not open the cell door when two (2) other correctional officers asked her to do so but did so once Singleton asked her. The jury awarded Plaintiff $1,000.00 in actual damages and $10,000.00 in punitive damages against each Defendant for a total award of $22,000.00. After the jury trial, Defendants' counsel, Phil Cannon ("Cannon"), filed a motion for leave to file an out-of-time motion for judgment notwithstanding the verdict, or in the alternative, a motion for a new trial. Defendants

AO 72A
(Rev. 8/82)

contend that the jury's punitive damages award is contrary to controlling case law and improper. The undersigned granted Cannon's motion and conducted an evidentiary hearing on the motion for judgment notwithstanding the verdict.

Cannon stated at the evidentiary hearing that upholding the punitive damages award against each of these Defendants would not have a deterrent effect on them because neither currently works with the Georgia Department of Corrections. Cannon also stated that Singleton was suspended and his pay was decreased for a period of time as a result of an institutional investigation which revealed that Singleton violated prison policy by entering an inmate's cell without another officer's assistance. Cannon further stated that upholding the punitive damages award raises budgetary concerns for the Georgia Department of Corrections. Cannon argued that taking $20,000.00 from the prison system would be different than taking the same amount of money from another agency or department which has a much larger budget.

Punitive damages are a form of prospective relief under the Prison Litigation Reform Act of 1996. Johnson v. Breedlove, 280 F.3d 1308, 1325 (11th Cir. 2002). The availability of such relief is limited. The Eleventh Circuit Court of Appeals has stated that:

> Prospective relief in any civil action with respect to prison conditions shall extend no further than necessary to correct the violation of the Federal right of a particular plaintiff or plaintiffs. The court shall not grant or approve any prospective relief unless the court finds that such relief is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right. The court shall give substantial weight to any adverse impact on public safety or the operation of a criminal justice system caused by the relief.

Id. at 1323-24 (quoting 18 U.S.C. § 3626(a)(1)(A)). The Eleventh Circuit has determined that, within the meaning of section 3626(a)(1)(A):

2

> a punitive damages award must be no larger than reasonably necessary to deter the kind of violations of the federal right that occurred in the case. . . . such awards should be imposed against no more defendants than necessary to serve that deterrent function and that they are the least intrusive way of doing so. Many factors may enter into that determination. For example, the number of excessive force violations an individual defendant or institution has had might affect whether punitive damages were necessary, and if so, the amount required to deter future violations.

Id. at 1325.

The jury was instructed that, if it found that Plaintiff was harmed as a result of a Defendant's malice toward Plaintiff, it could award punitive damages to Plaintiff. Based on the fact the jury awarded Plaintiff punitive damages against both Defendants, it is evident that the jury found such an award was necessary to punish or deter Defendants' actions. Although Singleton was punished after an institutional investigation was conducted, the undersigned questions the legitimacy of such investigative process. Singleton was punished as a result of violating a prison policy that a correctional officer cannot enter an inmate's cell without assistance; however, Singleton was not punished at the institutional level for any excessive use of force against Plaintiff. The undersigned recognizes that the imposition of punitive damages will likely have no deterrent effect on these particular Defendants, as neither of them is employed at Georgia State Prison. Nevertheless, the imposition of punitive damages in this case may very well deter current and future Georgia State Prison employees from using excessive force against an inmate in the future and may assist in legitimating internal investigations.

Having to pay a punitive damages award is the least intrusive means necessary to correct a correctional officer's use of excessive force against an inmate, as it appears that officials at Georgia State Prison were more concerned with Singleton's violation of a prison

AO 72A
(Rev. 8/82)

policy rather than his violation of Plaintiff's constitutional right to be free from the use of excessive force.   The undersigned finds that the $10,000.00 punitive damage award against Singleton is narrowly drawn and is not excessive.  The jury verdict determines that Singleton entered Plaintiff's cell with the sole purpose of causing him harm simply because Plaintiff made derogatory comments to him.   Ten thousand dollars is a relatively small amount to pay for such a blatant violation of Plaintiff's constitutional right to be free from cruel and unusual punishment.

The undersigned is troubled with the imposition of the $10,000.00 punitive damage award against Gibson. The jury verdict determines that Gibson opened Plaintiff's cell door at Singleton's request and would not open it until Singleton requested that she do so.  Her intent to cause harm to Plaintiff is much less clear than Singleton's desire to do so. However, the undersigned does not find that Gibson is free from all culpability.   The punitive damages award against Gibson is hereby reduced to $5,000.00.

Judgment is hereby entered in favor of Plaintiff against Defendant Singleton in the amount of $1,000.00 in actual damages and $10,000.00 in punitive damages.

Judgment is hereby entered in favor of Plaintiff against Defendant Gibson in the amount of $1,000.00 in actual damages and $5,000.00 in punitive damages.

**SO ORDERED**, this _27th_ day of March, 2006.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

4